United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41390
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

MARCO ANTONIO MARTIN-PARADA,

Defendant-
Appellant.

---------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-659-ALL

---------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Martin-Parada (Martin) appeals his sentence following his guilty plea

conviction for illegal reentry. He argues that the "felony" and "aggravated felony" provisions of

8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S.

466 (2000). Martin's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

523 U.S. 224, 235 (1998).  Although Martin contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of Apprendi, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding.  *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).  Martin properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Martin also argues that the district court reversibly erred under *United States v. Booker*, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.  The Government concedes that Martin has preserved this issue for appeal.  The Government, however, has not shown beyond a reasonable doubt that the error was harmless.  *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).  Accordingly, Martin's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.